# No. 25-51006

## In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TYRELL EZEKIEL DARDEN,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas, No. 5:23-cr-562

---

**BRIEF OF APPELLANT**
**TYRELL EZEKIEL DARDEN**

---

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, Texas 78205
(210) 472-6700

CARL R. HENNIES
Assistant Federal Public Defender

*Attorney for Defendant-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

**UNITED STATES v. TYRELL EZEKIEL DARDEN, No. 25-51006**

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Tyrell Ezekiel Darden,** Defendant-Appellant;
2. **Justin R. Simmons,** U.S. Attorney;
3. **Margaret Leachman,** former Acting U.S. Attorney;
4. **Jaime Esparza,** former U.S. Attorney;
5. **John A. Fedock** and **Ray A. Gattinella,** Assistant U.S. Attorneys, who represented Plaintiff-Appellee in the district court;
6. **Maureen Scott Franco,** Federal Public Defender;
7. **Marina-Thais Douenat,** Assistant Federal Public Defender, who represented Defendant-Appellant in the district court; and
8. **Carl R. Hennies,** Assistant Federal Public Defender, who represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

s/ Carl R. Hennies
CARL R. HENNIES
*Attorney for Defendant-Appellant*

## REQUEST FOR ORAL ARGUMENT

This appeal raises an issue that this Court expressly left unresolved in *United States v. Wickware*, 143 F.4th 670, 674–75 n.2 (5th Cir. 2025): whether the definition of "robbery" in the Sentencing Guidelines requires intentional or knowing conduct, creating a categorical mismatch with Texas robbery (which can be committed recklessly). Oral argument would help the Court resolve this important issue.

# TABLE OF CONTENTS

Request for oral argument ........ ii

Table of authorities ........ v

Jurisdiction ........ 1

Introduction ........ 2

Statement of the issue ........ 3

Statement of the case ........ 3

Summary of the argument ........ 6

Standard of review ........ 6

Argument ........ 7

The district court erred by applying the career-offender enhancement because Texas aggravated robbery is not a "crime of violence" under the Guidelines. ........ 7

A. This Court applies the categorical approach to determine whether an offense is a "crime of violence" under the career-offender enhancement. ........ 7

B. Aggravated robbery under Texas law is not a crime of violence because it can be committed recklessly. ........ 9

1. The least culpable conduct criminalized by the Texas aggravated robbery statute can be committed recklessly. ........ 9

2. Reckless conduct cannot satisfy either the force clause or the enumerated offense clause under the Guidelines. ........ 11

a. Reckless conduct cannot satisfy the force clause ........ 11

b. Robbery under the enumerated offense clause requires intentional or knowing conduct. ........... 12

Conclusion ........................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Borden v. United States*,
593 U.S. 420 (2021) .......... 8, 9, 11

*Craver v. State*,
2015 WL 3918057 (Tex. App. June 25, 2015) .......... 10

*Floyd v. State*,
714 S.W.3d 9 (Tex. Crim. App. 2024) .......... 10

*Guerrant v. United States*,
142 S. Ct. 640 (2022) .......... 8

*Mathis v. United States*,
579 U.S. 500 (2016) .......... 9

*United States v. Bates*,
24 F.4th 1017 (5th Cir. 2022) .......... 11, 12

*United States v. Dominguez*,
954 F.3d 1251 (9th Cir. 2020) .......... 13

*United States v. Elkins*,
161 F.4th 899 (5th Cir. 2025) .......... 14

*United States v. Garcia-Ortiz*,
904 F.3d 102 (1st Cir. 2018) .......... 13

*United States v. Garrett*,
24 F.4th 485 (5th Cir. 2022) .......... 10

*United States v. Gray*,
260 F.3d 1267 (11th Cir. 2001) .......... 14

*United States v. Hill*,
63 F.4th 335 (5th Cir. 2023) .......... 14

*United States v. Ivey*,
60 F.4th 99 (4th Cir. 2023) .......... 13

*United States v. Rose*,
127 F.4th 619 (5th Cir. 2025) ........ 10

*United States v. Russell*,
136 F.4th 606 (5th Cir. 2025) ........ 8

*United States v. Santiesteban-Hernandez*,
469 F.3d 376 (5th Cir. 2006) ........ 12

*United States v. Wickware*,
143 F.4th 670 (5th Cir. 2025) ........ ii, 5, 6, 15, 16

**Statutes**

18 U.S.C. § 924(c) ........ 3

18 U.S.C. § 924(c)(3)(A) ........ 14

18 U.S.C. § 924(e)(2)(B)(i) ........ 11

18 U.S.C. § 1951(b)(1) ........ 13

18 U.S.C. § 3231 ........ 1

18 U.S.C. § 3742(a) ........ 1

21 U.S.C. § 841(a)(1) ........ 3

21 U.S.C. § 841(b)(1)(A) ........ 3

28 U.S.C. § 1291 ........ 1

Tex. Penal Code § 29.02(a) ........ 10

Tex. Penal Code § 29.02(a)(1) ........ 10

Tex. Penal Code § 29.03(a) ........ 9

**Sentencing Guidelines**

U.S.S.G. § 2D1.1(a)(5) ........ 3

U.S.S.G. § 2D1.1(b)(12) ........ 4

U.S.S.G. § 2D1.1(c)(5) ........ 3

U.S.S.G. § 2K2.4(b) .......... 5

U.S.S.G. § 3D1.1(b)(1) .......... 3

U.S.S.G. § 3D1.1(b)(2) .......... 3

U.S.S.G. § 3E1.1 .......... 4

U.S.S.G. § 4B1.1(a) .......... 4, 7

U.S.S.G. § 4B1.1(b) .......... 4

U.S.S.G. § 4B1.1(b)(1) .......... 4

U.S.S.G. § 4B1.2(a) .......... 8

U.S.S.G. § 4B1.2(a)(1) .......... 8

U.S.S.G. § 4B1.2(a)(2) .......... 8

U.S.S.G. § 4B1.2(e)(3) .......... 13

U.S.S.G. Ch. 5, Pt. A .......... 4

U.S.S.G. App. C, amend. 822 (Nov. 2023) .......... 12, 13

**Rules**

Fed. R. App. P. 4(b)(1)(A)(1) .......... 1

**Other Authorities**

Letter from U.S. Dep't of Justice to
The Hon. Carlton W. Reeves (Feb. 3, 2025) .......... 15

## JURISDICTION

This is an appeal from a final judgment in a criminal case alleging violations of federal law. The district court had jurisdiction under 18 U.S.C. § 3231. The district court entered its judgment on December 2, 2025. ROA.117. Darden timely appealed the next day. ROA.124; *see* Fed. R. App. P. 4(b)(1)(A)(1). This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## INTRODUCTION

This Court has long held that the Texas offenses of robbery and, by extension, aggravated robbery are categorically "crimes of violence" under the Sentencing Guidelines. But two recent developments have refuted that conclusion. *First*, the Texas Court of Criminal Appeals clarified that, contrary to this Court's earlier precedent, the Texas robbery statute is indivisible. As a result, courts must presume that a defendant's prior conviction for robbery rests on the least culpable conduct criminalized by the statute, which is reckless conduct. *Second*, the Sentencing Commission amended the Guidelines to adopt a definition of "robbery" mirroring Hobbs Act robbery. And Hobbs Act robbery requires knowing or intentional conduct. Recklessness is not enough.

The upshot is that Texas robbery is categorically *not* a crime of violence under the Guidelines. So the district court erred by applying the career-offender enhancement here based on Tyrell Darden's prior conviction for Texas aggravated robbery. And the district court's misapplication of that enhancement more than doubled Darden's advisory Guidelines range. This Court should vacate Darden's sentence and remand for resentencing without the career-offender enhancement.

## STATEMENT OF THE ISSUE

Whether the district court erred by classifying Darden's prior conviction for Texas aggravated robbery as a crime of violence triggering the career-offender enhancement.

## STATEMENT OF THE CASE

**Offense, indictment, and plea.** In 2023, law enforcement officers arrived at an apartment where Darden was living and found several bags of fentanyl pills, as well as multiple firearms. ROA.157–59. The government charged Darden with (1) possessing with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and (2) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Darden pleaded guilty to both counts. ROA.161.

**Presentence report.** Before sentencing, a probation officer prepared a presentence report. *See generally* PSR (Sept. 8, 2025). The report separately calculated the advisory Guidelines range for each offense. *Id.* ¶ 17; *see* U.S.S.G. § 3D1.1(b)(1), (2).

For count one (possession with intent to distribute), the report applied a base offense level of 30 based on the amount of drugs involved in the offense. PSR ¶ 18; *see* U.S.S.G. § 2D1.1(a)(5), (c)(5).

The report added two levels because Darden maintained his apartment as a premises for distributing drugs. PSR ¶ 19; *see* U.S.S.G. § 2D1.1(b)(12). The report then determined that Darden was a "career offender" based on two prior convictions: (1) a 2021 Texas conviction for aggravated robbery with a deadly weapon, and (2) a 2021 Texas conviction for aggravated assault with a deadly weapon. PSR ¶ 24. The report determined that each offense was a "crime of violence" under the career-offender guideline. *Id.*; *see* U.S.S.G. § 4B1.1(a). Because the statutory maximum for the possession-with-intent-to-distribute offense was life, the career-offender enhancement raised the offense level to 37. PSR ¶ 24; *see* U.S.S.G. § 4B1.1(b)(1). After subtracting three levels because Darden accepted responsibility for the offense, PSR ¶¶ 25–26; *see* U.S.S.G. § 3E1.1, the total offense level was 34, PSR ¶ 27. The career-offender guideline required that Darden be placed in criminal history category VI. *Id.* ¶ 38; *see* U.S.S.G. § 4B1.1(b). A total offense level 34 and criminal history category VI produced an advisory Guidelines range of 262 to 327 months' imprisonment for count one. PSR ¶ 58; *see* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

For count two (possessing a firearm in furtherance of a drug trafficking crime), the Guidelines sentence was the minimum term

of imprisonment required by § 924(c)—five years. PSR ¶ 60; *see* U.S.S.G. § 2K2.4(b).

Darden objected to the career-offender enhancement. *See* Def.'s Objs. to PSR (Oct. 10, 2025). He argued that Texas aggravated robbery was not a "crime of violence" under the Guidelines because it can be committed recklessly while the definition of robbery in the career-offender guideline requires intentional conduct and cannot be committed recklessly. *Id.* at 1–7. He acknowledged that this Court had recently held that Texas robbery is a crime of violence but explained that the Court "explicitly did not 'address whether the Guidelines' definition of robbery includes a narrower *mens rea* than the Texas Penal Code requires.'" *Id.* at 6 (quoting *United States v. Wickware*, 143 F.4th 670, 674–75 n.2 (5th Cir. 2025)).

**Sentencing.** At sentencing, the district court overruled Darden's career-offender objection, explaining that multiple Fifth Circuit cases had rejected the argument that Texas robbery does not qualify as a crime of violence "in light of *Wickware*." ROA.180. The district court varied downward "slightly" from the Guidelines range on count one, sentencing Darden to 240 months' imprisonment. ROA.189. The court also imposed the mandatory minimum sentence

of five years on count two to run consecutively, for a total sentence of 25 years. ROA.189; *see* ROA.118 (judgment).

## SUMMARY OF THE ARGUMENT

In determining whether a prior conviction is a "crime of violence" under the career-offender guideline, courts apply the categorical approach. Texas aggravated robbery does not satisfy the categorical approach under either of the two definitions for a crime of violence: the force clause or the enumerated offense of robbery. Both definitions require knowing or intentional conduct. Texas aggravated robbery, by contrast, can be committed recklessly. Because Texas aggravated robbery is categorically broader than the Guidelines' definition of a crime of violence, the district court erred in applying the career-offender enhancement based on Darden's prior conviction for Texas aggravated robbery.

## STANDARD OF REVIEW

This Court reviews de novo whether a prior conviction is properly characterized as a crime of violence under the Guidelines. *United States v. Wickware*, 143 F.4th 670, 672 (5th Cir. 2025).

## ARGUMENT

### The district court erred by applying the career-offender enhancement because Texas aggravated robbery is not a "crime of violence" under the Guidelines.

Darden's prior conviction for Texas aggravated robbery is not a "crime of violence" under the career-offender guideline. As recent precedent from the Texas Court of Criminal Appeals makes clear, the Texas aggravated robbery statute is indivisible, so the least culpable conduct criminalized by the statute can be committed recklessly. But reckless conduct cannot satisfy either of the two definitions for a "crime of violence" under the Guidelines, which both require intentional or knowing conduct. Thus, this Court should hold that Texas aggravated robbery is categorically *not* a crime of violence under the Guidelines and that the district court erred by sentencing Darden as a career offender.

#### A. This Court applies the categorical approach to determine whether an offense is a "crime of violence" under the career-offender enhancement.

The career-offender enhancement applies if a defendant commits a controlled substance offense and "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Defendants classified as career

offenders "generally face dramatically higher sentencing ranges for their crime of conviction." *Guerrant v. United States*, 142 S. Ct. 640 (2022) (Sotomayor, J., joined by Barrett, J., respecting the denial of certiorari).

Relevant here, a "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) is one of several enumerated offenses, including "robbery." U.S.S.G. § 4B1.2(a). In other words, a conviction can qualify as a crime of violence under either the "force clause" (§ 4B1.2(a)(1)) or the "enumerated offense clause" (§ 4B1.2(a)(2)). *See United States v. Russell*, 136 F.4th 606, 609 (5th Cir. 2025).

To decide whether a prior offense qualifies as a "crime of violence" under either the force clause or the enumerated offense clause, this Court uses the categorical approach. *Russell*, 136 F.4th at 610. Under the categorical approach, "the facts of a given case are irrelevant." *Borden v. United States*, 593 U.S. 420, 424 (2021). "The focus is instead on whether the elements of the statute of conviction meet the federal standard." *Id.* A prior conviction will qualify as a crime of violence only if the least culpable conduct criminalized by

the statute satisfies the force clause or if the offense's elements are the same as (or narrower than) the relevant enumerated offense. *See id.*; *Mathis v. United States*, 579 U.S. 500, 519 (2016).

### B. Aggravated robbery under Texas law is not a crime of violence because it can be committed recklessly.

The district court sentenced Darden as a career offender based on a prior conviction for Texas aggravated robbery. But applying the categorical approach here, Texas aggravated robbery is categorically *not* a crime of violence. While Texas robbery can be committed recklessly, reckless conduct does *not* satisfy either the force clause or the enumerated offense clause.

#### 1. The least culpable conduct criminalized by the Texas aggravated robbery statute can be committed recklessly.

Under Texas law, someone commits aggravated robbery "if he commits robbery as defined in Section 29.02" and one of three aggravating circumstances is present. Tex. Penal Code § 29.03(a). Section 29.02, in turn, is violated by doing one of two things while committing theft: "(1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another; or (2) intentionally or knowingly threat[ing] or plac[ing] another in fear of imminent bodily injury or

death." Tex. Penal Code § 29.02(a). As the Texas Court of Criminal Appeals has recently held, these "different variations of aggravated robbery"—robbery-by-injury and robbery-by-threat—"constitute a different manner and means of committing the single offense of aggravated robbery." *Floyd v. State*, 714 S.W.3d 9, 10 (Tex. Crim. App. 2024). So although this Court earlier held that the Texas robbery statute is divisible, *United States v. Garrett*, 24 F.4th 485, 491 (5th Cir. 2022), it now recognizes that the Texas Court of Criminal Appeals' decision in *Floyd* "unequivocally abrogated *Garrett*," *United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025).

Because the Texas robbery statute is indivisible, the least culpable conduct criminalized by the statute is reckless conduct: "recklessly caus[ing] bodily injury to another" while committing theft. Tex. Penal Code § 29.02(a)(1); *see Craver v. State*, 2015 WL 3918057 (Tex. App. June 25, 2015) (affirming robbery conviction where defendant stole merchandise from a store and then recklessly caused an injury by jumping over a second-floor railing and landing on a woman walking below).

### 2. Reckless conduct cannot satisfy either the force clause or the enumerated offense clause under the Guidelines.

Because this Court must presume that Darden's conviction for Texas aggravated robbery was committed recklessly, that conviction is categorically broader than either definition of a "crime of violence" in § 4B1.2(a). Both the force clause and the enumerated offense of robbery require a more culpable *mens rea* than recklessness.

#### a. Reckless conduct cannot satisfy the force clause.

An offense committed with a *mens rea* of recklessness does not constitute a crime of violence under the force clause (§ 4B1.2(a)(1)). In *Borden*, the Supreme Court considered a nearly identical clause in the Armed Career Criminal Act—which classifies an offense as a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i)—and held that "[o]ffenses with a *mens rea* of recklessness do not qualify." 593 U.S. at 445 (plurality opinion); *id.* at 446 (Thomas, J., concurring in judgment). And this Court has held that "*Borden* governs what can (and can't) qualify as a crime of violence under the Sentencing Guidelines." *United States v. Bates*, 24 F.4th 1017, 1018–19 (5th Cir. 2022). So Texas aggravated

robbery, which can be committed recklessly, does not qualify as a crime of violence under the force clause. *See id.* at 1019 (holding that Texas assault of a public servant does not satisfy the force clause because it "can be committed recklessly").

### b. Robbery under the enumerated offense clause requires intentional or knowing conduct.

Reckless conduct also does not satisfy the definition of "robbery" in the enumerated offense clause (§ 4B1.2(a)(2)). The Sentencing Commission recently amended the Guidelines to adopt a definition of robbery that mirrors Hobbs Act robbery. The courts of appeals—and the government—agree that Hobbs Act robbery requires intentional or knowing conduct. Recklessness is not enough.

Before 2023, the Guidelines did not define the offense of "robbery" in the enumerated offense clause, so this Court formulated a generic definition. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378–81 (5th Cir. 2006). That changed in 2023, when the Sentencing Commission amended the Guidelines to add a definition for "robbery." *See* U.S.S.G. App. C, amend. 822 (Nov. 2023). The career-offender guideline now defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of

> another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

U.S.S.G. § 4B1.2(e)(3). By adopting this definition, the Sentencing Commission intentionally "mirror[ed]" the definition of Hobbs Act robbery. U.S.S.G. App. C, amend. 822 (Nov. 2023). Indeed, the two definitions are identical. *Compare* U.S.S.G. § 4B1.2(e)(3), *with* 18 U.S.C. § 1951(b)(1).

By adopting the definition of Hobbs Act robbery, the Guidelines include the *mens rea* required by that statute. And this Court's sister circuits agree that Hobbs Act robbery cannot be committed recklessly but rather requires knowing or intentional conduct. *See United States v. Ivey*, 60 F.4th 99, 117 (4th Cir. 2023) ("Hobbs Act robbery cannot be committed recklessly but instead requires intentional conduct."); *United States v. Garcia-Ortiz*, 904 F.3d 102, 108 (1st Cir. 2018) ("The elements of Hobbs Act robbery similarly include an implicit *mens rea* element of general intent—or knowledge—as to the *actus reus* of the offense." (cleaned up)); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020) (rejecting

argument "that Hobbs Act robbery can somehow be predicated on gross negligence or reckless conduct" and explaining that "criminal intent—acting 'knowingly or willingly'—is an implied and necessary element that the government must prove for a Hobbs Act conviction" (cleaned up)), *cert. granted, judgment vacated*, 142 S. Ct. 2857 (2022), and *reinstated in relevant part by* 48 F.4th 1040 (9th Cir. 2022); *United States v. Gray*, 260 F.3d 1267, 1283 (11th Cir. 2001) ("[T]he only *mens rea* required for a Hobbs Act robbery conviction is that the offense be committed knowingly.").

That reflects this Court's precedent. This Court has held that Hobbs Act robbery is a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A), which defines "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023). And "an offense that can be committed recklessly *cannot* satisfy the elements clause of § 924(c)." *United States v. Elkins*, 161 F.4th 899, 906 (5th Cir. 2025) (emphasis added) (citing *Borden*, 593 U.S. at 430–32, 446). In other words, by holding that Hobbs Act robbery satisfies that clause, this Court recognizes that Hobbs Act robbery *cannot* be committed recklessly.

Even the government recognizes that the recent Guidelines amendment defining robbery to mirror Hobbs Act robbery "likely eliminat[ed] as crimes of violence numerous state robbery statutes that previously qualified, on the grounds that those statutes allow conviction based on reckless conduct." Letter from U.S. Dep't of Justice to The Hon. Carlton W. Reeves 10 (Feb. 3, 2025).[1] As the government explained, "[t]he current definition, like that in the Hobbs Act, *requires intentional conduct*." *Id.* (emphasis added).

To be sure, this Court recently held that Texas robbery is a crime of violence under the Guidelines because "the elements of robbery under [Texas Penal Code] § 29.02 are the same or narrower than those of the Guidelines' generic robbery offense." *United States v. Wickware*, 143 F.4th 670, 675 (5th Cir. 2025). But the Court expressly did not address "whether the Guidelines' definition of robbery includes a narrower *mens rea* than the Texas Penal Code requires," concluding that the defendant had forfeited that argument. *Id.* at 674–75 n.2. And the Court recognized that if Hobbs Act robbery excludes reckless conduct, then "robbery under the

---

[1] *See* https://www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20250212/DOJ.pdf.

Guidelines is a categorical mismatch of Texas robbery." *Id.* As just explained, this Court, its sister circuits, and the government all agree that Hobbs Act robbery excludes reckless conduct. So just as *Wickware* foreshadowed, Texas robbery and aggravated robbery are categorically overbroad and cannot satisfy the definition of "robbery" in the enumerated offense clause.

* * *

The district court erred by applying the career-offender enhancement because Darden's conviction for Texas aggravated robbery is not a crime of violence under the Guidelines. And the district court's error, which *more than doubled* his Guidelines range, undoubtably harmed Darden. Without the career-offender enhancement, Darden's Guidelines range for count one should have been 97 to 121 months.[2] That is far lower than both the Guidelines range that the district court adopted (262 to 327 months, *see* ROA.181) and the sentence that the court ultimately imposed on

[2] Without the enhancement, Darden's total offense level would be 29, *see* Revised PSR ¶¶ 20–29 (Nov. 4, 2025), and he would be in criminal history category II, *see id.* ¶ 39.

count one (240 months, *see* ROA.189). This Court should remand for resentencing without the career-offender enhancement.

## CONCLUSION

The Court should vacate Darden's sentence and remand for resentencing.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

s/ Carl R. Hennies
CARL R. HENNIES
Assistant Federal Public Defender
Western District of Texas

*Attorney for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,989 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook in body text and 13-point in footnotes.

s/ Carl R. Hennies
CARL R. HENNIES
*Attorney for Defendant-Appellant*

April 3, 2026